United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-50889

UNITED STATES OF AMERICA

Plaintiff - Appellee

VERSUS

JIMMY DEAN MITCHELL, SR.

Defendant - Appellant

Appeal from the United States District Court
For the Western District of Texas, San Antonio
SA-00-CR-456-ALL

Before DAVIS, SMITH and DUHE', Circuit Judges.

PER CURIAM:[*]

Mitchell challenges his conviction on drug trafficking charges. He argues first that the district court erred in refusing to suppress statements he made at the time of his arrest. These statements were made to officers while they were executing a search warrant on Raul Garza's mobile home where Mitchell was a guest. Mitchell and the other occupants of the mobile home were detained

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

during the search and before Mitchell made his statements. Mitchell argues that the officers arrested him without probable cause and the district court should have excluded his statements as a fruit of that violation.

The district court correctly rejected Mitchell's argument because the law is clear that "a warrant to search for contraband founded on probable cause implicitly carries with it the limited authority to detain the occupants of the premises while a proper search is conducted." Michigan v. Summers, 452 U.S. 692, 705 (1981). During that detention, officers may draw their weapons, handcuff the occupants, United States v. Cavazos, 288 F.3d 706 (5th Cir. 2002), and bring the occupants outside the residence. United States v. Broussard, 80 F.3d 1025, 1033 (5th Cir. 1996). These same cases hold that voluntary statements made during this detention are admissible against the defendants. See Cavazos, 288 F.3d at 712; Broussard, 80 F.3d at 1033.

Mitchell argues next that the prosecutor improperly bolstered the credibility of the testimony of key prosecution witness Timothy Sanchez in three statements during his closing argument. As there was no objection to these comments, this court reviews for plain error. United States v. Goff, 847 F.2d 149, 162 (5th Cir. 1997). The first comment was a fair response to the defense's argument that Sanchez was a liar and that his testimony should not be believed because the government agreed to a lesser sentence based

2

on the number of times he testified for the government. The second challenged comment was in regard to Sanchez's plea agreement. When, as here, the defense contends that a plea agreement between the government and a witness is an incentive for the witness to lie to get a lower sentence, the government may present what amounts to argument bolstering the credibility of a witness if it is specifically done in rebuttal to the defense's comments. United States v. Washington, 44 F.3d 1271, 1278 (5th Cir. 1995). The third challenged statement was a comment by the prosecutor that the jury should believe Sanchez over a defense witness Warren Stalbird because both had testified before another jury that had believed Sanchez and found Stalbird guilty. This evidence was already in the record and the prosecutor could permissibly indicate to the jury the inferences and conclusions he wanted them to reach from evidence in the record. Id. The district court also instructed the jury to consider the testimony of Sanchez with great care. There is no error on this point.

Finally, Mitchell argues that the district court erred in failing to resolve his objection to the pre-sentence report's(PSR) treatment of his prior offenses as unrelated. This argument is belied by the record. The district court accepted the facts found in the PSR. The PSR recommended assigning career status to Mitchell because his three previous convictions were unrelated. In response to Mitchell's objection to this recommendation, the probation officer gave detailed reasons why he disagreed with the

3

objection. He asserted that (1) the prior offenses occurred on separate occasions and were the subject of three separate indictments; and (2) the three separate indictments were not consolidated for sentencing. At sentencing Mitchell objected to the characterization of the offenses as unrelated but offered no evidence or substantive arguments tending to refute the probation officer's reasoning. The district court overruled Mitchell's objection. Under these circumstances, the district court's acceptance of facts asserted in the PSR and overruling of Mitchell's arguments were adequate to resolve this disputed sentencing issue.

Because we find no reversible error, we affirm Mitchell's conviction and sentence.

AFFIRMED.